IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORRINE ADAMORE <br> (Dallas Cty. Jail Bookin No. 17016593), <br><br> Petitioner, <br><br> V. <br><br> DALLAS COUNTY SHERIFF OFFICE, <br><br> Respondent. | § § § § § § § § § § § | No. 3:17-cv-1077-N-BN |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* action filed by Lorrine Adamore, a pretrial detainee at the Dallas County Jail, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

The Court characterized Adamore's lawsuit as one under 28 U.S.C. § 2254 because she titled her initial pleading a "writ of habeas corpus," *see* Dkt. No. 3 at 1, but, in that pleading, Adamore appears to assert, in addition to any relief she seeks under the habeas corpus statute, possible constitutional violations based on her treatment at the jail, *see, e.g., id.* at 6 (alleging that she has been denied medications while detained at the jail); *see also id.* at 12, 17 (alleging an injury while detained at the jail).

Adamore responded to the Court's April 24, 2017 Notice of Deficiency, Questionnaire, and Order by filing two documents that appear to confirm that she

seeks habeas relief but also reflect her assertion of constitutional claims based on her detention at the Jail. *See* Dkt. Nos. 5 & 6.

For the reasons explained below, the habeas petition should be dismissed without prejudice to Adamore's right to pursue available state court remedies, and the Court should open a separate action under 42 U.S.C. § 1983 to allow Adamore to present her civil rights allegations in the proper context.

## Applicable Background

According to her petition and Dallas County court records available online, Adamore has been confined pretrial in the Jail since March 29, 2017 related to four separate cases of abandoning a child without intent to return. *See State v. Adamore*, F16-76635, -76636, -76637, & -76638 (282nd Jud. Dist. Ct., Dallas Cty., Tex.). Adamore is represented by counsel in the ongoing state criminal proceedings.

## Legal Standards and Analysis

Habeas claims

The Court should not at this time derail Adamore's state criminal proceedings by considering whether she is entitled to habeas relief under 28 U.S.C. § 2241.

"A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006). Adamore's incarceration in Dallas County satisfies the initial "in custody" requirement. *See id.* But she must also exhaust "available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion

requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)).

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir . 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Id.*; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Adamore has failed to make this showing.

<u>Civil rights claims</u>

A petitioner who "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release [from incarceration], which is available in a habeas corpus action pursuant to 28 U.S.C. § 2254," seeks "two forms of relief that cannot be obtained in the same suit." *Reed v. Thaler*, No. 2:11-cv-93,

2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011). And, where a prisoner brings both "habeas and § 1983 claims," the district court is "required" to "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam); further collected cases omitted); *see also, e.g., Frankin v. Bd. of Pardons & Paroles*, No. 3:10-cv-1830-K (BK), 2010 WL 4668471, at *2 (N.D. Tex. Oct. 19, 2010) ("construing Petitioner's memorandum in support of the petition as also raising a section 1983 claim," dismissing habeas petition without prejudice for failure to exhaust state court remedies, but also opening a new Section 1983 action), *rec. adopted*, 2010 WL 4668464 (N.D. Tex. Nov. 8, 2010); *Reed*, 2011 WL 3924171, at *2 ("in an abundance of caution, sever[ing] the case into a civil rights claim and [a] habeas corpus petition" (citation omitted)).

Accordingly, in addition to dismissing the habeas petition without prejudice, the Court should direct the Clerk of Court to open a separate action under 42 U.S.C. § 1983 and docket Adamore's petition [Dkt. No. 3] as a complaint asserting civil rights claims.

## Recommendation

The Court should summarily dismiss the pending habeas action without prejudice to Adamore's right to pursue available state court remedies and sever her claims under 42 U.S.C. § 1983 into a separate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE